**Gregory L. JACKSON, Petitioner–Appellant,**

v.

**Margaret PUGH, Commissioner; Larry Kincheloe, Respondents–Appellees.**

No. 03–35479.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 2004.

Decided July 27, 2004.

Phillip Paul Weidner, Esq., Christina Weidner–Tafs, Weidner & Associates, Inc., Anchorage, AK, for Petitioner–Appellant.

W. H. Hawley, AAG, Office of Special Prosecutions and Appeals, Anchorage, AK, for Respondents–Appellees.

Before: HALL, KLEINFELD, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Gregory L. Jackson was convicted of first-degree murder and sentenced to fifty years in state prison. He appeals the district court's denial of his petition for a writ of habeas corpus based upon the alleged ineffective assistance of his trial

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

counsel. The district court certified the following issues for appeal: (1) counsel's failure to conduct a pretrial investigation; (2) counsel's failure to adequately prepare for trial; and (3) counsel's failure to call Hurist Joubert and other witnesses to testify at trial. Jackson did not seek broader certification of appealability from this court. *See* 9th Cir. R. 22–1(d). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

■ 1. The district court correctly determined that this is an actual prejudice case under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and not a case of presumed prejudice under *United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). Jackson was not completely denied counsel, nor did his trial counsel " 'entirely fail[ ] to subject the prosecution's case to meaningful adversarial testing.' " *Bell v. Cone,* 535 U.S. 685, 697, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (quoting *Cronic,* 466 U.S. at 659, 104 S.Ct. 2039). Rather, "[t]he aspects of counsel's performance challenged by [Jackson] ... are plainly of the same ilk as other specific attorney errors [the Supreme Court has] held subject to *Strickland's* performance and prejudice components." *Id.* at 697–98, 104 S.Ct. 2039. Because the state court analyzed Jackson's claims under *Strickland,* the district court properly held that the state court decision was not "contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see also Price v. Vincent,* 538 U.S. 634, 640, 123 S.Ct. 1848, 155 L.Ed.2d 877 (2003) (discussing "contrary to" standard).

2. Nor did the district court err in determining that the state court's application of *Strickland* was not objectively unreasonable. *See* 28 U.S.C. § 2254(d)(1);

*Wiggins v. Smith,* 539 U.S. 510, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003).

■ a. The state court was not objectively unreasonable in determining that counsel's performance was adequate because he made a reasonably informed tactical decision not to call Hurist Joubert. Counsel had ample time to review a thorough police report before presenting Jackson's defense. Counsel testified at the state court evidentiary hearing that calling Joubert would have been a waste of time because Joubert did not witness the shooting, and eyewitness testimony "[made] clear that the deceased was the aggressor." Moreover, Joubert's credibility would have been seriously challenged as he had been convicted of crimes of dishonesty and had served time in jail with Jackson.

■ b. The state court was not objectively unreasonable in determining that counsel's performance was adequate despite failing to call Mary Stills, Louis Howard, Tyrone Brown, and Larry Cleveland to testify at trial. The jury knew that the deceased was found in possession of a loaded firearm. That Stills and Howard would have testified the deceased left the club at the sight of Jackson to get his gun was not particularly material. Moreover, Howard had been convicted on multiple counts of forgery, and Stills testified that she did not remember the incident. The testimony of Brown and Cleveland would have been cumulative and unproductive because the deceased's reputation as an aggressive and violent person was well-established at trial.

■ c. It is undisputed that counsel was deficient for failing to conduct pretrial investigation and preparation. *See Strickland,* 466 U.S. at 691, 104 S.Ct. 2052 ("[C]ounsel has a duty to make reasonable investigations or to make a reasonable de-

cision that makes particular investigations unnecessary."); *Turner v. Duncan,* 158 F.3d 449, 456 (9th Cir.1998) (noting that "complete lack of pretrial preparation" was deficient performance under *Strickland*). Nevertheless, to succeed on his *Strickland* claim, Jackson must "affirmatively prove prejudice" from these errors. 466 U.S. at 693, 104 S.Ct. 2052. The state high court independently analyzed the evidence developed in the post-conviction relief hearing. It concluded that such evidence was not sufficiently material to warrant a new trial in light of the eye-witness testimony, the fact that the deceased's gun did not have a round in the chamber, and strong physical evidence that Jackson shot the deceased in the back. In light of the high degree of deference owed to state court decisions under 28 U.S.C. § 2254(d)(1), *see Clark v. Murphy,* 331 F.3d 1062, 1068 (9th Cir. 2003), we cannot say that this decision was objectively unreasonable.

3. We lack jurisdiction to decide Jackson's additional claims—that the district court improperly denied an evidentiary hearing and should have considered his claim that counsel's ineffective assistance deprived him of the right to a fair trial under the Fifth and Fourteenth Amendments—because they were not certified by the district court and Jackson failed to seek broader certification pursuant to Circuit Rule 22–1(d). *See United States v. Christakis,* 238 F.3d 1164, 1168 n. 5 (9th Cir.2001).

AFFIRMED.